ANTONE et al. v. COWAN. (No. 1916.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 28, 1918.)

APPEAL AND ERROR ⊂⇒1001(1) — REVIEW—FINDINGS OF FACT.

The evidence making peculiarly an issue for the jury, their finding, in trespass to try title, that improvements by defendants were not made in good faith as to location of boundary, will be sustained on appeal.

Appeal from District Court, Red River County; Ben H. Denton, Judge.

Action by W. E. Cowan against F. A. Antone and others. Judgment for plaintiff, and defendants appeal. Affirmed.

A. P. Park, of Paris, and Chambers & Black, of Clarksville, for appellants. Lennox & Lennox, of Clarksville, for appellee.

LEVY, J. The appellee brought the suit in the form of an action of trespass to try title. The appellants pleaded not guilty and limitation of five and ten years. The defendants further specially pleaded that the line between their land and that of the plaintiff was agreed upon and established at the time they went into possession, and that the improvements were made in good faith. The material inquiry in the case was as to the exact location of the plaintiff's southwest corner. The plaintiff and those under whom he claims, and the defendants and those under whom they claim, were the owners of adjoining tracts situated in the same survey, and they hold under a common source of title. The land claimed by the plaintiff was owned by W. A. Arnett and wife, as was also the land claimed by the defendants. The land claimed and owned by the plaintiff was sold by the common grantors in 1886, before the land claimed and owned by the defendants

was sold to them by the common grantors. The defendants made valuable improvements on the land after they went into possession. The lands are on the Red river, and the evidence shows that the river has at different times materially changed its channel.

The case was tried on special issues, and on the verdict the court entered judgment for the plaintiff. The jury made the finding that the south and west boundary lines claimed by the plaintiff were the true boundary lines between the lands of the plaintiff and the defendants. They further found that the improvements made on the land by the defendants enhanced the value of the land $6 an acre, and also that the defendants did not make such improvements in good faith.

The finding by the jury that the improvements made by the defendants were not made in good faith is challenged by the appellants as being contrary to the evidence. Owing to the many changes in the river and the consequent washing of the land, an uncertainty appears in the evidence as to the exact location in some particulars of the different lines and corners of the lands in suit. The evidence offered by the defendants tended strongly to show that the southwest corner of the plaintiff's tract was considerably north of where the plaintiff claimed it to be. And believing as the defendants did that the southwest corner of the plaintiffs' land was at a point north of where the plaintiff here insists it is, the defendants, it may be said, had, from their viewpoint, reasonable ground for believing that they owned the part of the land the improvements were placed on. On the other hand, the evidence offered in behalf of the plaintiff sufficiently authorizes a finding, as made by the jury, that the southwest corner was in fact where the plaintiff claims it to be. There is evidence that the improvements were placed on the land by the defendants after knowledge that the land was so claimed by the plaintiff. It is believed the evidence makes peculiarly an issue for the jury to settle, and it is concluded therefore that their finding should be sustained.

It is concluded that the evidence does not sufficiently raise an issue as to an agreed line, as contended by appellants, to warrant submission to the jury, and therefore the second assignment of error is overruled.

Affirmed.